UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**OPERATING ENGINEERS LOCAL
324 FRINGE BENEFIT FUNDS,
TRUSTEES OF OPERATING ENGINEERS
LOCAL 324 FRINGE BENEFIT FUNDS,**

      **Plaintiffs,**                             CIVIL ACTION NO. 04-40380

  VS.                                           DISTRICT JUDGE PAUL V. GADOLA

**PAVEMENT MUNCHERS, INC.,**        MAGISTRATE JUDGE MONA K. MAJZOUB
**LISA R. CLAYPOOL, DENNIS
R. SMITH,**

      **Defendants**
                                   /

## REPORT AND RECOMMENDATION

Before the Court is Plaintiffs' Motion for Summary Judgment against Defendant Pavement Munchers (Dkt. No. 17). This Court recommends that Plaintiff's Motion for Summary Judgment against Pavement Munchers be **GRANTED**.

*****

Plaintiffs filed a Motion for Summary Judgment against Pavement Munchers on April 3, 2006. Plaintiffs filed a Motion for Summary Judgment against Defendants Claypool and Smith on April 28, 2006. On May 2, 2006 all three Defendants filed a Response to Plaintiffs' Motion for Summary Judgment against Pavement Munchers. Plaintiffs filed a Reply to that Response on May 8, 2006. Defendants filed a Response to the Motion for Summary Judgment against Claypool and Smith on July 25, 2006, and Plaintiffs filed a Reply on July 28. The Court is waiving oral argument with the consent of the parties.

Plaintiffs are multi-employer trust funds established to provide medical, pension and other benefits to employees under the Employee Retirement Income Security Act, 29 U. S. C. §§ 1001-1461 ("ERISA").  Plaintiffs are governed by boards of trustees appointed by employers and Operating Engineers Local 324.

Plaintiffs exist to pay medical benefits and other fringe benefits to members of the Operating Engineers Local 324.  When employers hire Local 324 union members, the employers do not directly finance the costs of the members' various fringe benefits.  Instead, the collective bargaining agreement requires the employers to pay Plaintiffs to administer the benefits.

Defendant Pavement Munchers, Inc. is a Michigan construction company that has employed Local 324 union members on various construction projects.  Defendant Lisa R. Claypool is the president and sole shareholder of Pavement Munchers.  Defendant Dennis R. Smith is Lisa Claypool's father and is also an employee of Pavement Munchers.  Pavement Munchers operated out of Smith's home as of April 6, 2006.

Plaintiffs allege that Pavement Munchers is a continuation of another business, Denron Inc. Denron is the subject of a bankruptcy proceeding in the United States Bankruptcy Court for the Eastern District of Michigan.  The Bankruptcy petition was originally filed under Chapter 11 of the Bankruptcy Code, but has been converted to a proceeding under Chapter 7 of the Bankruptcy Code. Plaintiffs have an allowed claim of $393,370.10 in the Denron proceeding for non-payment of funds due under the Operating Engineers collective bargaining agreement.  Denron's president and sole shareholder was Dennis Smith.

## STANDARD OF REVIEW

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox County Sch. Sys.*, 205 F.3d 912, 914 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Id.* A mere scintilla of evidence is insufficient to defeat a supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986). While the evidence itself need not be the sort admissible at trial, the evidence must be more than the non-movant's own pleadings and affidavits. *Ashbook v. Block,* 917 F.2d 918, 921 (6th Cir. 1990); *see also Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (explaining that the non-moving party may not rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact).

## DISCUSSION AND ANALYSIS

**Plaintiffs' Motion for Summary Judgment Against Pavement Munchers**

Plaintiffs allege that Defendants owe them $70,405.25 in unpaid fringe benefit contributions arising from work performed by its employees between January 2005 and December 2005. In support, Plaintiffs rely on the affidavits of Wayne B. Kless, Jr. (Pls.' Mot. for Summ. J. against Pavement Munchers, Ex. 4). Wayne Kless audited the payment records of Pavement Munchers on February 22, 2006. *Id.* He determined that, as of that date, Pavement Munchers owed $64,037.24 in unpaid fringe benefit contributions and $6,367.99 in liquidated damages. *Id.*

Defendant Pavement Munchers admits that it owes Plaintiffs some amount of money for unpaid fringe benefit contributions, but argues that the amount identified in the audit is incorrect. In support, Defendant states that it has produced exhibits showing defects in Wayne Kless's audit. Defendants have attached several printed forms to their motion which appear to have originated with Plaintiff and show Plaintiff's estimate of the unpaid amount of damages. (Defs.' Resp. to Pls. Mot. for Summ. J. against Pavement Munchers at Ex. 2, 4, 6). On each of these printed forms, someone has handwritten words to the effect of "2005 audit errors," "Already paid do not owe," and "Should be 889.5." *Id.* In addition, Defendants have produced several checks made by Defendants to Pavement Munchers. Defendants did not explain how these documents yielded numbers different from the figures used in Plaintiffs' audit.

Defendants also argued that the deposition of Lisa R. Claypool would support their position. The deposition transcript was not available at the time Defendants filed their Response to Plaintiff's Motion for Summary Judgment Against Pavement Munchers, but has since been produced to the Court by Plaintiffs. (Dkt. No. 20). During Ms. Claypool's deposition, she stated that she thought she had paid the $5,030.40 in fringe benefits Plaintiffs maintain she failed to pay for work done in July, 2005, $2,268.68 for work done in September 2005, and that she failed to pay only $15,928,27 for work done in November, 2005, not $18,523.53. (Dep. of Lisa Claypool, 38-40). Claypool did not elaborate the basis for her claims, and she stated that, at the time of deposition, she had just recently faxed a document detailing her disagreements to Wayne Kless. *Id.*

By July 25, 2006, however, Defendants' position had changed. In Defendants' Response to Plaintiff's Motion for Summary Judgment Against Claypool and Smith, Defendants admitted that Defendant Pavement Munchers owes Plaintiffs $70,405.25. (Defs.' Resp. to Pls.' Mot. for Summ.

4

J. against Claypool and Smith at 1). Defendants have never disputed that Claypool is the president and sole shareholder of Pavement Munchers, and that she was in charge of making payroll payments. Defendants' objection to Plaintiffs' Motion for Summary Judgment was entirely premised on the notion that Claypool thought Plaintiffs had been partially paid. As Claypool has admitted Pavement Munchers is liable for the full $70,405.25, summary judgment for Plaintfiffs against Pavement Munchers is appropriate.

Plaintiffs' Motion for Summary Judgment should be **GRANTED**.

### NOTICE TO PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Sec'y of Health and Human Servs., 932 F.2d 505 (6th Cir. 1991); United States v. Walters, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. Willis v. Secretary, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objection must be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by

motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.


Dated: August 02, 2006                    s/ Mona K. Majzoub
                                                      MONA K. MAJZOUB
                                                      UNITED STATES MAGISTRATE JUDGE


### Proof of Service

I hereby certify that a copy of this Report and Recommendation upon Counsel of Record on this date.

Dated: August 02, 2006                    s/ Lisa C. Bartlett
                                                      Courtroom Deputy