UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**OPERATING ENGINEERS
LOCAL 324 FRINGE BENEFIT
FUNDS, et al.,**

      **Plaintiffs,**          **CIVIL ACTION NO. 04-CV-40380-FL**

  vs.

                        **DISTRICT JUDGE PAUL V. GADOLA**

**PAVEMENT MUNCHERS,
INC., et al.,**                **MAGISTRATE JUDGE MONA K. MAJZOUB**

      **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

**RECOMMENDATION:** This Court recommends that Plaintiffs' Motion for Attorney Fees and Costs against Defendants Pavement Munchers, Inc. and Lisa R. Claypool (docket no. 31) filed on September 12, 2006 be GRANTED in the amount of $25,261.71.

\*\*\*

Plaintiffs are multi-employer employee benefit plans within the meaning of Section Three of the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001-1461 ("ERISA"). Plaintiffs exist to pay medical benefits and other fringe benefits to the members of Operating Engineers Local 324. When employers hire Local 324 members, the employers do not directly finance the costs of the members' various fringe benefits. Instead, the collective bargaining agreement requires the employers to pay Plaintiffs to administer the benefits. Defendant Pavement Munchers has been party to a collective bargaining agreement with Local 324 since April 2004. Defendant Claypool is the President and sole shareholder of Defendant Pavement Munchers.

This Court earlier recommended that summary judgment be granted in favor of Plaintiffs against Defendant Pavement Munchers and Lisa Claypool ("Defendants"). (Docket nos. 28, 29). The district court adopted those Recommendations. (Docket no. 30). Defendants were found to be liable to Plaintiffs for $70,405.25 in unpaid fringe benefits contributions and liquidated damages.

Plaintiffs have now moved for an award of attorney's fees and costs of the action under 29 U.S.C. § 1132(g)(2)(D). (Docket no. 31). The matter has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 32). Defendants have responded to the motion. (Docket no. 41). Plaintiffs have filed a Reply. (Docket no. 44). The Court heard oral argument on October 17, 2006. The matter is now ready for ruling.

Under 29 U.S.C. § 1132(g)(2)(D), when a fiduciary of a plan is awarded a judgment for delinquent contributions, "the court shall award the plan . . . reasonable attorney's fees and costs of the action, to be paid by the defendant."  The commonly accepted approach for determining reasonableness is the "lodestar" approach by which the reasonable hourly rate is multiplied by the number of hours reasonably expended on litigation. *Building Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1401-02 (6th Cir. 1995). The court may adjust the product of this formula upward or downward in compelling circumstances. *Id*.

Plaintiffs' counsel has set out his educational background and supplied a detailed listing of the time he has spent on this case and the relevant costs of the action. (Docket no. 31 & attached exhibits). Defendants do not dispute any of this specific information. Plaintiffs' counsel graduated from the University of Michigan in 1976 and the Boston University School of Law in 1981. He has practiced since 1981, concentrating on representation of employee fringe benefit funds. Plaintiffs' counsel charged Plaintiffs at the hourly rate of $180 for two hours of work performed in December

-2-

2004, $185 per hour for 52.65 hours of work performed from January through December 2005, and $195 per hour for 74.65 hours of work performed from January through August 2006. The total amount for work performed by Plaintiffs' counsel from December 2004 through August 2006 is $24,657.00. Plaintiffs have incurred $604.71 in costs. The total of Plaintiffs' request is therefore $25,261.71.

Defendants argue that a reasonable amount of fees and costs is $12,000.00. They first contend that the amount of legal fees and costs requested is disproportionate and unreasonable in light of the amount of liability. (Docket no. 41). However, there is no requirement in ERISA cases that the amount of the award of attorney's fees be proportional to the amount of the underlying award of damages. *Grandview*, 46 F.3d at 1401. This argument therefore fails to show that the amount requested is unreasonable.

Defendants also argue that this was not a hard fought case, that little discovery was taken, and that the parties have not appeared in court. (Docket no. 41). Defendants do not cite any authority for the proposition that as a result the award should be reduced or limited, however. These factors are compensated for by a lesser amount of attorney time spent, and thus a lower amount requested. This argument fails to show that the amount requested is unreasonable.

Defendants next contend that the amount recovered for attorney's fees and costs "should relate to work performed in obtaining a judgment with respect to the liability at issue and should not be based upon work performed on prior, or other, matters even though they may involve the same Defendant." (Docket no. 41, br. at 3). Defendants argue that the number of hours of attorney time should be reduced by 58 hours because that work was performed before the audit was issued (on

-3-

February 22, 2006) which determined the amount of benefit funds due for calendar year 2005. Defendant again fails to cite any authority.

Defendants' argument is contrary to the plain words of the governing statute. Section 1132(g)(2) pertains to the "action" in which a judgment in favor of the plan is awarded. The court is to award "reasonable attorney's fees and costs of the action." 29 U.S.C. § 1132(g)(2)(D). This "action" began in December 2004 when the Complaint was filed. It sought unpaid contributions arising from work performed from April 2004 onward. (Complaint ¶ 27). The Complaint, First Amended Complaint, and the parties' briefs show that the amount of debt owed by Defendants changed during the course of this proceeding because of information received by Plaintiffs, such as disclosures from Defendants and results of audits, and payments made to Plaintiffs for which Defendants received credit. The judgment obtained covered the time between January 2005 and December 2005. (Docket no. 28).

Defendants are therefore correct that their liability for the 2004 calendar year has been paid and is not covered by the judgment granted. However, that amount was part of the "action" as it was filed, and is not part of the judgment now because that debt was satisfied. Summary judgment has been granted in favor of the plan. Therefore, under the plain terms of the statute the attorney's fees which relate to the amounts recovered for work performed in 2004 should be included in the award. This conclusion is also in line with the broad remedial reach of the statute. *See Laborers Health and Welfare Tr. Fund v. Advanced Lightweight Concrete Co.*, 484 U.S. 539, 547 (1988). Plaintiffs' request for attorney's fees and costs is reasonable. Plaintiffs' motion should therefore be granted for the full amount of attorney's fees and costs requested.

**NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: October 24, 2006            s/ Mona K. Majzoub
                                   MONA K. MAJZOUB
                                   UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

  I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: October 24, 2006    s/ Lisa C. Bartlett
              Courtroom Deputy